A stipulation is acceptable only as to facts. This stipulation is not accepted as to the purported conclusion of law which the parties essayed to include. To that extent, the stipulation is improper and without effect.

We have before us, therefore, no facts, save that small quantities of sulfur dioxide were added to the brine, as stipulated. Whether or not the addition of sulfur dioxide in the quantities stipulated had the effect of advancing the merchandise toward its ultimate use, is an issue of fact not developed in the record. Whether or not this peel was packed in like manner as the pears which were the subject of the cited case, likewise, does not appear of record.

We are, therefore, called upon to determine whether or not the small quantities of sulfur dioxide that were added to the brine do or do not lift the merchandise out of the *eo nomine* "in brine" classification, and the evidence is not sufficient for us to do so.

The submission is set aside. The case will be docketed on the next Tampa term for the parties to develop the record by further stipulation or other proofs.

It is so ordered.

BEFORE THE SECOND DIVISION, DECEMBER 12, 1956

**No. 60411.**—Samuel Shapiro & Co., Inc. *v.* United States, protest 284789–K (Baltimore).

Opinion by FORD, J. The protest was dismissed.

**No. 60412.**—Chas. Kurz Co. *v.* United States, protests 291201–K and 291202–K (Philadelphia).

Opinion by FORD, J. An examination of the official record failing to disclose any reason for disturbing the presumptively correct classification made by the collector, the protests were dismissed.

BEFORE THE THIRD DIVISION, DECEMBER 12, 1956

**No. 60413.**—A. Jaller Co. *v.* United States, protest 293795–K (New York).

JOHNSON, Judge: This is a protest against the collector's assessment of duty on merchandise, contained in cases 264 through 268 and described on the invoice as 8-inch coupe plates, at 70 per centum ad valorem and 10 cents per dozen pieces under paragraph 212 of the Tariff Act of 1930 as decorated china tableware. It is claimed that the plates are not tableware and are properly dutiable at 45 per centum ad valorem, under said paragraph 212, apparently as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 22, 1948, T. D. 51909.

At the trial, Jerome Leiman, import manager of the plaintiff company, appeared and testified on behalf of the firm. He claimed that the plates in said cases 264 through 268 were decorative ware or hanging plates, stating that they are bought and sold as decorative pieces, have holes in the back for hanging, are fully painted, and are obviously not for use in the service of food. He said that they were improperly invoiced as plates and not as decorative plates for hanging; that he had had shipments of the same items before; and that they had been classified as decorative ware. He used them himself to hang on the wall and had seen them so used in the homes of friends.